Kyra A. Josephson, Esq. (334014)
KJosephson@FoxRothschild.com
**FOX ROTHSCHILD LLP**
2001 Market Street, Suite 1700
Philadelphia, Pennsylvania 19103
Telephone:    215.299.2000
Fax:               215.299.2150

*Attorneys for Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WELLS FARGO BANK, N.A.,

    *Plaintiff*,

       vs.

QUIANA WILLIAMS and STIRLING
CONSTRUCTION, INC.,

    *Defendants*.

Case No. 26-5409

**COMPLAINT FOR INTERPLEADER**

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, brings this complaint for equitable interpleader against Quiana Williams ("Williams") and Stirling Construction, Inc. ("Stirling") (collectively, "Claimant Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This interpleader action arises out of a dispute between the Claimant Defendants concerning a wire transfer from a Wells Fargo account belonging to Stirling to a Wells Fargo account belonging to Williams.

2.      The Claimant Defendants, in connection with the underlying wire transfer, are alleging entitlement to the wire proceeds presently being held and restrained in a Wells Fargo checking account belonging to Williams.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed restrained funds into the Court Registry so that the Claimant Defendants may litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a National Banking Association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota.

5. Upon information and belief, Williams is an individual residing in Upper Darby, Pennsylvania.

6. Upon information and belief, Stirling is a Utah corporation with a principal place of business in Murray, Utah.

## JURISDICTION AND VENUE

7. Wells Fargo brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in the Eastern District of Pennsylvania.

9. This Court has jurisdiction over the parties, pursuant to 28 U.S.C. § 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions, and because at least one of the Claimant Defendants is a citizen of and resides in the state of Pennsylvania.

**FACTS COMMON TO ALL COUNTS**

10.     On November 3, 2025, Williams opened a Wells Fargo Everyday Checking account ending in 3343 (the "Williams 3343 Account") online.

11.     On November 4, 2025, Williams opened a Wells Fargo Premier Checking account ending in 8553 (the "Williams 8553 Account") online.

12.     At all times material hereto, Williams maintained the Williams 3343 Account and the Williams 8553 Account.

13.     At all times material hereto, Stirling maintained a Wells Fargo Analyzed Business Checking account ending in 2190 (the "Stirling Account").

14.     On January 13, 2026, the Williams 3343 Account received a wire (the "Wire") from the Stirling Account in the amount of $50,639.00 (the "Wire Proceeds").

15.     Before the Wire was received, the Williams 3343 Account balance was $40.44.

16.     Williams immediately used a portion of the Wire Proceeds to make a variety of purchases, Zelles, and online transfers.

17.     Williams then, on January 15, 2026, transferred $46,000.63 (the remaining funds from the Wire and the entire balance of the Williams 3343 Account) to the Williams 8553 Account.

18.     After the Wire, the Williams 3343 Account had a negative $2.75 balance.

19.     Although Williams was the intended beneficiary of the Wire, Stirling reported to Wells Fargo—on or about January 17, 2026—that Stirling was defrauded in connection with the Wire. Accordingly, Stirling requested the Wire be recalled.

20.     Due to the alleged fraud, Wells Fargo placed a restraint on the Williams 8553 Account, which had (and continues to have) a restrained balance of **$42,849.54** (the "Restrained Proceeds").

21.     Wells Fargo mailed a debit authorization letter to Williams on February 5, 2026 (the "First Debit Authorization Letter") to advise Williams of Stirling's recall request and determine whether Williams agreed to authorize the return of the Restrained Proceeds to Stirling. A true and correct copy of the First Debit Authorization Letter is attached hereto as **Exhibit A**.

22.     Wells Fargo mailed another debit authorization letter to Williams on April 21, 2026 (the "Second Debit Authorization Letter"). A true and correct copy of the Second Debit Authorization Letter is attached hereto as **Exhibit B**.

23.     Despite repeated requests, Williams has refused to allow Wells Fargo to debit the Williams 8553 Account and return the Restrained Proceeds from the Wire to Stirling.

24.     Accordingly, there is a dispute as to whether Williams or Stirling is entitled to the Restrained Proceeds.

25.     Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow Williams and Stirling to make their respective legal claims to the Restrained Proceeds.

26.     The relationships between: (a) Wells Fargo and Williams relative to the Williams 3343 Account and the Williams 8553 Account; and (b) Wells Fargo and Stirling relative to the Stirling Account, are all currently governed by the Wells Fargo Deposit Account Agreement, effective November 4, 2025 (the "Account Agreement"). A true and correct copy of the Account Agreement is attached hereto as **Exhibit C**.

27.     Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

28.     Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

4

29.    All conditions precedent to recovery have been performed, waived or have occurred.

## COUNT I
### (Interpleader)

30.    Wells Fargo repeats, realleges, and incorporates all of the allegations made in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

31.    At this time, conflicting claims exist between Williams and Stirling as to the Restrained Proceeds.

32.    Wells Fargo claims no principal interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

33.    By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability and cannot safely remit the Restrained Proceeds without the aid of this Court.

34.    Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

WHEREFORE, Wells Fargo respectfully requests the following relief:

A.    That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds (**$42,849.54**) with the Registry of the Court;

B.    That this Court issue an order requiring Williams and Stirling to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C.    That Wells Fargo be discharged from all liability to Williams or Stirling concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, the Williams 3343 Account, the Williams 8553 Account, and the Stirling Account;

D.      That Williams and Stirling be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wire, the Williams 3343 Account, the Williams 8553 Account, and the Stirling Account;

E.      That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F.      That Wells Fargo be dismissed as a party to this action; and

G.      For such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: July 31,  2026

Kyra A. Josephson, Esquire
KJosephson@FoxRothschild.com
2001 Market Street, Suite 1700
Philadelphia, Pennsylvania 19103
Telephone:    215.299.2000
Fax:              215.299.2150

*Attorneys for Wells Fargo Bank, N.A.*